EDITH A. THOMAS (SBN 220820)
Attorney at Law
214 North Ridge Drive, Suite B
Fallbrook, CA 92028
Telephone: (888) 349-3940
Facsimile: (760) 728-9518
ediththomas1@aol.com

DOUGLAS J. MELTON   State Bar #161353
JOHN B. SULLIVAN   State Bar #238306
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA 94104
TEL: (415) 397-2222   FAX: (415) 397-6392
dmelton@longlevit.com / jsullivan@longlevit.com

Attorneys for SAW Entertainment, LTD
d/b/a Hustler Club-San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER E. KRESSY,<br><br>          Plaintiff,<br><br>     v.<br><br>LARRY FLYNT'S HUSTLER CLUB SAN FRANCISCO, BS MANAGEMENT, SAW ENTERTAINMENT LTD. – HUSTLER<br><br>          Defendants | Case No.: C-07-4892-EDL<br><br>**DEFENDANTS' NOTICE OF, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS**<br><br>Date:         December 18, 2007<br>Time:        9:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge:       Hon. Elizabeth D. Laporte<br>                  (Magistrate Judge)<br><br>Trial:          None Set<br>Action Filed: September 20, 2007 |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

## I. NOTICE

PLEASE TAKE NOTICE that on December 18, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard in Department E on the 15th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants SAW Entertainment, Ltd. d/b/a Hustler Club San Francisco ("Hustler") and Defendant BS Management ("BSM") will and hereby do seek an order compelling submission of Plaintiff's Peter E. Kressy ("Plaintiff") claims to binding arbitration and staying the instant court proceeding. This motion will be based on this Notice and Memorandum of Points and Authorities, the declaration of Gregory Ruffin, the pleadings and papers on file herein, and on any such other evidence as may be submitted at the hearing of this motion.

## II. RELIEF SOUGHT AND INTRODUCTION

Hustler and BSM seek an order compelling submission of Plaintiff's claims to binding arbitration and staying the instant court proceeding.

## III. LEGAL ANALYSIS

Plaintiff brings various wage and hour claims under the Fair Labor Standards Act ("FLSA") against his former employer, Hustler, and against BSM, an entity for which he never worked.[1] The suit was filed in the this Court; however all Plaintiff's claims are subject to binding arbitration as Plaintiff signed, during his employment at Hustler, an agreement to arbitrate "all claims or controversies arising out of Employee's employment or termination." And, although Hustler has made demand for arbitration, Plaintiff has refused to arbitrate. Hence, Hustler and BSM seek an order compelling submission of Plaintiff's claims to binding arbitration and staying the instant court proceeding.

### A. The Complaint

Plaintiff's Complaint, filed September 20, 2007, sets forth three Causes of Action, all wage and hour claims under the FLSA and all allegedly arising out of Plaintiff's employment relationship with Hustler.

---

[1] For the convenience of the Court, a copy of Mr. Kressy's Complaint is attached hereto as Exhibit A.

2

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

B. **The Agreement To Arbitrate**

Attached as Exhibit A to the Declaration of Gregory Ruffin, filed and served herewith, is a true and correct copy of a document entitled "Mutual Agreement To Arbitrate Claims And Waive Class Actions," signed by Plaintiff and Hustler on May 3, 2007 (hereinafter referred to as "Arbitration Agreement"). The pertinent sections of the Arbitration Agreement read (emphasis added):

> 1. Claims Covered by this Agreement. **Employee and Employer mutually agree to the resolution by arbitration of all claims or controversies arising out of Employee's employment or termination** (collectively, the "Claims") that either party may have against the other, including Employer's parent, subsidiaries, or affiliates or any of their officers, directors, shareholders, representatives, attorneys, agents, or assigns in their capacity as such or otherwise. The Claims covered include, without limitation, claims arising out of contract, tort, or common law, wrongful discharge law, privacy rights, statutory or constitutional protections, **wage and hour law**, claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, or any other dispute between the parties. The parties understand that, by this Agreement, they are waiving their rights to have a Claim adjudicated by a court or jury.
>
> 4. Arbitration. Except as otherwise provided above, arbitration shall be in accordance with the National Rules for Resolution of Employment Disputes of the American Arbitration Association (AAA Rules) before a neutral arbitrator who is selected by agreement of the parties or AAA Rules. The arbitration shall take place in the county where the claim arose, or a location agreed upon by the parties. The arbitrator shall apply the substantive law of California, or federal law, or both, as applicable to the Claim(s) asserted. The Parties agree that the arbitrator will determine the scope and extent of discovery, and that it may be more limited than that provided for in the California Code of Civil Procedure. Each party shall be entitled to all types of remedies and relief otherwise available in Court.
>
> . . .
>
> The arbitrator's decision shall be a reasoned decision in writing, revealing the essential findings and conclusions forming the basis of the award, and shall be final and binding on the parties.

(Emphasis added.)

The Arbitration Agreement encompasses all the Plaintiff's claims, because by its terms, it extends to "all claims or controversies arising out of Employee's employment or

3

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

termination" including, but not limited to, claims premised on "wage and hour law" such as Plaintiff's herein.

### C. The Plaintiff Refused To Arbitrate

Defendant Hustler sent Plaintiff a letter both demanding and explaining arbitration. Plaintiff initially agreed to stipulate to arbitration, but subsequently refused to sign the stipulation stating a preference to remain in federal court.

### D. Arbitration Should Be Ordered

#### 1. The FAA Applies and Compels Arbitration

Generally, the "Federal Arbitration Act" ("FAA" or "Act") will apply to an arbitration agreement if the agreement implicates and affects issues of interstate commerce. 9 U.S.C.A. § 2. If not, the arbitration agreement will be analyzed and enforced under state law. Allied-Bruce Terminex Cos. Inc. v. Dobson (1995) 513 U.S. 265, 277.

Here, the employment-based nature of the claims herein at issue renders the FAA applicable under the "interstate commerce" analysis. Such was the ruling in Circuit City Stores v. Adams (2001) 532 U.S. 105, 114-119, where the U.S. Supreme Court pronounced the general applicability of the FAA to employment-based claims. While the FAA's exemption provision, § 1, excludes from the Act's coverage "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce," the Supreme Court in Circuit City specifically rejected the 9th Circuit's determination[1] that all contracts of employment affecting commerce would fall outside of the statute. Instead, it concluded that only transportation workers' contracts were exempt under 9 U.S.C.A. § 1. Id. at 114-15. Accord E.E.O.C. v. Waffle House, Inc. (2002) 534 U.S. 279, 289 (employment contracts, except those covering workers engaged in transportation, are covered by the FAA). See also Allied-Bruce Terminex Cos. v. Dobson (1995) 513 U.S. 265, 277 (holding that the FAA evinced Congress' intent to exercise its full commerce power); and Southland Corp. v. Keating (1984) 465 U.S. 1, 16, (holding that Congress intended the FAA to apply in state courts, and to pre-empt state anti-arbitration laws to the contrary).

---

[1] In Craft v. Campbell Soup Co. (9th Cir. 1999) 177 F.3d 1083.

4

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

### E. State Law Contra to Arbitration is Preempted and/or Inapplicable

The FAA mandates enforcement of valid written arbitration agreements. § 2 of the Act provides, in part: "[a]n agreement in writing to submit to arbitration an existing controversy...shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract".

#### 1. Labor Code §229

The arbitration agreement here at issue falls within the provisions of the FAA. Pursuant to rules of pre-emption and to the pronouncements of the Supreme Court, therefore, the FAA applies – to the exclusion of contradictory state laws. One such law is California Labor Code § 229, which provides, in relevant part: "Actions to enforce the provisions of this article [§ 200 et seq. of the California Labor Code] for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate...".

Despite this provision, enacted in 1959, however, it has been the law for over 15 years that California Labor Code § 229 is preempted by the FAA. Perry v. Thomas (1987) 482 U.S. 483, 491. Perry involved a claim for unpaid wages by a California stockbroker. His employer sought to compel arbitration which was denied under Labor Code § 229. Recognizing the strong federal policy favoring arbitration, the U.S. Supreme Court held that "[t]his clear federal policy places § 2 of the [Federal] Act in unmistakable conflict with California Labor Code § 229's requirement that litigants be provided a judicial forum for resolving wage disputes. Therefore, under the Supremacy Clause, the state statute must give way." Id.

The ruling in Perry followed from an earlier preemption determination pronounced in Southland Corp. v. Keating (1984) 465 U.S. 1, 16-17. There, the U.S. Supreme Court overturned the California Supreme Court's ruling upholding a statute prohibiting compelled contractual arbitration of franchise law disputes, as in Perry, on grounds of preemption. Accord Stirlen v. Supercuts, Inc. (1997) 51 Cal. App.4th 1519, 1543-1544 (reaffirming FAA preemption of Labor Code §229) and Baker v. Aubry (1989) 216 Cal.App.3d 1259, 1267 cert. denied (1990)

5

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

498 U.S. 820 ("construction of the valid arbitration agreement presented here is governed by section 2 of the [FAA] which…preempts our state law" in the area of labor code claims for overtime wages").

### F. Non-Conflicting State Law Supports Compelling Arbitration

Under California law not in conflict with the FAA, it is provided that arbitration shall be ordered if an agreement to arbitrate exists, unless the right to arbitrate has been waived or the arbitration agreement is otherwise non-enforceable. CCP § 1281.2(a) and (b). "A proceeding to compel arbitration is in essence a suit in equity to compel specific performance of a contract." Condee v. Longwood Management Corp. (2001) 88 Cal.App.4th 215, 218. It is subject to contractual defenses (unconscionability, waiver, capacity, etc.).

To obtain an order compelling arbitration, the moving party need only cite facts: (1) demonstrating the existence of an arbitration agreement; (2) demonstrating the existence of an arbitrable controversy; and (3) establishing that the opposing party refuses to arbitrate the controversy. Spear v. California State Auto Association (1992) 2 Cal.4th 1305, 1341. These elements Hustler has established. For purposes of completeness, however, two issues of contract enforceability – waiver and unconscionability – are touched upon next.

#### 1. The Arbitration Agreement Is Valid And Enforceable

The arbitration agreement as written and implemented is not subject to challenge under the holding of Armendariz v. Foundation Health Psychcare (2000) 24 Cal.4th 83. That case (and authority upholding it[2]), provides that, when statutory claims affecting employees are subject to contractual arbitration, the arbitration agreement (expressly and/or by implication) must provide for five minimum (and non-waivable) rights: (1) a neutral arbitrator; (2) an arbitrator empowered to award all types of relief available in a civil suit; (3) an arbitrator who is required to issue a written decision; (4) an arbitration conducted following more than minimal discovery; and (5) an arbitration where an employee is not required to pay either unreasonable costs or any

---

[2] See Little v. Auto Steigler (2003) 29 Cal.4th 1064, 1106 (extending Armendariz requirements to arbitration of "Tameney claims" for tortious violations of public policy; and Mercuro v. Superior Court (2002) 96 Cal.App.4th 167, 180 (extending Armendariz requirements to non-FEHA statutory claims, therein relative to Labor Code §§ 230.8 and 970).

6

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

arbitrators' fees or expenses as a condition of access to the arbitrator's forum. Id., 24 Cal.4th at 117.

The arbitration agreements here meet these requirements. The arbitration agreements are not "unconscionable"; the agreements are straightforward and mutual, provide for a neutral arbitrator, are not one-sided, and Hustler informed Plaintiff (and reiterates here) that it will pay the costs of arbitration as required by law. In fact, the agreements expressly provide for a "neutral arbitrator" and is governed by the National Rules of the American Arbitration Association for Resolution of Employment Disputes, which rules permit the award of any relief available in a judicial proceeding. See, Ruffin Decl., Exhibit A. Further, because the agreements do not prohibit discovery, a written decision, or assessment of costs and fees, these provisions may be read into the agreement, the terms of which need not be expressed in the arbitration agreement if they can be implied. Under Armendariz, such an implication is required here. Id., 24 Cal.4th at 106-107 and 113 (arbitration agreement pertaining to statutory claims will be interpreted to impliedly provide for (1) sufficient discovery, including access to essential documents and witnesses; (2) a written arbitration decision; and (3) a requirement that the employer must bear any costs and fees uniquely associated with the arbitration).

While the agreement references the arbitrator's ability to allocate "fees and costs" to the prevailing party, this provision will not negate the validity of the agreement. Under Fittante v. Palm Springs Motors, Inc. (2003) 105 Cal.App.4th 708, 722, despite incorporation in the agreement of CCP § 1284.2, which provides that each party to an arbitration pay a pro rata share of the expenses and fees of the arbitrator, the parties' agreement was interpreted and construed in compliance with Armendariz to mandate payment by the employer of the arbitrators' unique fees and expenses.

G.  **All Defendants Are Entitled To Enforce The Arbitration Agreement**

By the express terms of the foregoing agreement, Hustler and its "agents and employees" are entitled to enforce the agreement to arbitrate any and all disputes. Plaintiff generally alleges an agency relationship between the Defendants; as such all named Defendants

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

7

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

named are entitled to enforce the contract to arbitrate. Such was the ruling in Roe v. Gray (D. Colo. 2001) 165 F.Supp.2d 1164, 1175, where it was determined that non-signatories to an arbitration agreement had the right to compel arbitration under the agreement with regard to a dispute in which their opponent alleged that the non-signatories were 'agents, joint venturers, partners or representatives' of signatories and where the claims against signatories and non-signatories were inextricably intertwined.  See also Dryer v. Los Angeles Rams (1985) 40 Cal.3d 406, 418 ("agents" entitled to enforce arbitration agreement); Michaelis v. Schori (1993) 20 Cal.App.4th 133, 139 (same rule for "employees" when specified in the arbitration agreement); Marcaulay v. Norland (1992) 12 Cal.App.4th 1, 7-8 (same rule for third party beneficiaries); and Farkar Co. v. R.A. Hanson DISC, Ltd. (2nd Cir. 1978) 583 F.2d 68, 70 (non-signatory parent corporation bound by arbitration agreement of subsidiary).

H. **A Stay Should Be Granted**

9 U.S.C.A. § 3 requires a stay in the face of an arbitrable controversy the subject of a motion to arbitrate. Likewise, CCP § 1281.4 (emphasis added) provides that pending determination of a motion to arbitrate, and following any order compelling arbitration, the Court, upon motion, shall stay any state court proceeding until the motion is determined and, if appropriate, the arbitration concluded. Twentieth Century Fox Film Co. v. Superior Court (2000) 79 Cal.App.4th 188, 192.

Defendants request and claim entitlement to an immediate stay of the instant civil suit pending resolution of this Motion and pending arbitration of all claims raised in the Complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

## IV. CONCLUSION

Plaintiff is the subject of a valid, irrevocable and fully enforceable Agreement to arbitrate his disputes with his former employer, Hustler and its' alleged agent BSM. As such, Hustler and BSM respectfully request that the Court order the claims of Plaintiff into binding arbitration pursuant to the agreements of the parties and stay this civil proceeding pending completion of arbitration.

Dated: November __, 2007

LONG & LEVIT LLP

By _____
DOUGLAS J. MELTON
JOHN B. SULLIVAN
Attorneys for SAW Entertainment, LTD
d/b/a Hustler Club-San Francisco

DOCS\Z8000-800\541340.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

9

DEFENDANTS' NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS - C-07-4892-EDL

# EXHIBIT A

```
01   Peter E. Kressy
02   517 Broadway Number 21
03   San Francisco, CA 94133
04   (415) 845-6322
05   peterkressy@yahoo.com
06        Plaintiff
```

FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

```
08              UNITED STATES DISTRICT COURT
09             NORTHERN DISTRICT OF CALIFORNIA
10                 SAN FRANCISCO DIVISION
11   Peter E. Kressy,            )
12                               )
13        PLAINTIFF               )   Case No. 07-4892
14                               )
15                               )   COMPLAINT,          EDL
16                               )   Kressy v. Larry Flynt's Hustler
17                               )       Club San Francisco et. al.
18   Larry Flynt's Hustler Club  )
19        San Francisco          )
20   BS Management               )
21   Saw Entertainment Ltd. -    )
22        Hustler                )
23                               )
24          DEFENDANTS           )
25   _____)
26                               )
27
28   Complaint - Kressy v. Larry Flynt's Hustler Club - Case No. tbd
```

01      1.   Jurisdiction. PLAINTIFF (the "Plaintiff") implores upon
02 the COURT (the "Court") jurisdiction by way of "....enacted by
03 the Senate and House of Representative of the United States of
04 America in Congress assembled...(i)f any provision of this
05 (the Fair Labor Standards) Act (of 1938) or the application
06 of such provision to any person or circumstance is held invalid,
07 the remainder of the Act and the application of such provision
08 to other persons or circumstances shall not be affected thereby.
09 Approved, June 25, 1938.".
10
11      2.   Jurisdiction 2. Plaintiff implores upon the Court juris-
12 diction by way of 29 CFR Ch. V Part 778--OVERTIME COMPENSATION.
13
14      3.   Venue. Plaintiff implores upon the Court venue by way of
15 DEFENDANT ("Defendant") Larry Flynt's Hustler Club San Francisco
16 ("Larry Flynt's Hustler Club") having employed Plaintiff.
17
18      4.   Venue 2. Plaintiff implores upon the Court venue by way
19 of Defendant Larry Flynt's Hustler Club place of business
20 located within the city of San Francisco, CA.
21
22      5.   Venue 3. Plaintiff implores upon the Court by way of
23 Defendant BS Management having administered paycheck number
24 Check Date:   9-07-2007 to plaintiff in payment of plaintiff wages.
25
26      6.   Venue 4. Plaintiff implores upon the Court by way of
27
28 ~~Complaint~~ Motion - Kressy v. Larry Flynt's Hustler Club et. al.

*P.K. 9/20/2007*
*STET P.K. 9/20/2007*

01  implore by Plaintiff of venue upon the Court, venue by way of
02  Defendant SAW Entertainment, Ltd. - Hustler having administered
03  paycheck number 13064 to Plaintiff in payment of Plaintiff wages.
04
05      7.   Venue 5. Plaintiff implores upon the Court venue by
06  way of Defendant BS Management place of business located
07  within the city of San Francisco, CA.
08
09      8.   Venue 6. Plaintiff implores upon the Court venue by
10  way of Defendant SAW Entertainment, Ltd. - Hustler showing
11  address of P.O. Box Seattle WA and showing address within
12  the city of San Francisco, CA.
13
14      9.   Intradistrict Assignment. Plaintiff implores upon the
15  Court intradistrict assignment by way of convenience for
16  Defendant(s) as per paragraph 3 through paragraph 8 of
17  this COMPLAINT (the "Complaint") as per paragraph 10 of
18  this Complaint to follow.
19
20      10.  Construction. Plaintiff implores upon the Court
21  "Pro se complainant is entitled to more liberal construction
22  of...pleading than (is) attorney. Prezzi v Berzak (1972, SD NY)
23  57 FDR149, 16 FR Serv 2d 1970." USCS Federal Rules of Civil
24  Procedure, Rule 8, n 224.
25
26      11.  Adoption by Reference. Plaintiff implores upon
27
28  ~~Complaint~~ - Kressy v. Larry Flynt's Hustler Club et. al.
    Motion D.K. 9/20/2009
    STET P.K. 9/20/2009

01  the Court "Statements in a pleading may be adopted by reference
02  in a different part of the same pleading...or in any motion.
03  A copy of any written instrument which is an exhibit to a
04  pleading is a part thereof for all purposes." USCS Federal Rules
05  of Civil Procedure, Rule 10.(c).
06
07      12.  Proceeding Pro Se. Plaintiff implores upon the Court
08  permission to proceed with best counsel to plaintiff counsel
09  of plaintiff as per document related to 22 U.S.C.A. sec. 612
10  and on file with The Honorable the Attorney General, United States.
11
12      13.  Proceeding In Forma Pauperis. Plaintiff implores upon
13  the Court to "....authorize the commencement...of...(this)
14  action...without prepayment of fees...." 28 USCS sec. 1915(a)(1)
15  by way of Plaintiff is a "....(bracket)person(close bracket)...."
16  28 USCS sec. 1915(a)(1) and Plaintiff files with the Clerk
17  of the Court APPLICATION TO PROCEED IN FORMA PAUPERIS.
18
19      14.  Cause of Action 1. Plaintiff alleges Defendant
20  Larry Flynt's Hustler Club owes Plaintiff overtime wages.
21
22      15.  Cause of Action 2. Plaintiff alleges Defendant
23  SAW Entertainment, Ltd. - Hustler owes Plaintiff wages.
24
25      16.  Cause of Action 3. Plaintiff alleges Defendant
26  BS Management owes Plaintiff wages.
27      *17. Statutes. "CFR 29 Ch. V § 778. OVERTIME ...." replaces*
28  ~~Complaint~~ *Motion* - Kressy v. Larry Flynt's Hustler Club et. al. *paragraph 2 her this attachment.*

*P.K. 9/20/2007*
*STET P.K. 9/20/2007*
*P.K. 9/20/20..*

01    19.    Prayer for Relief. Plaintiff implores upon the Court an
02    order made by the Court and to and of defendant(s) to pay plaintiff
03    overtime wages, fees, damages, liquidated damages, future wages,
04    and wages witheld as per paragraph 13 of this complaint.
05
06.    20.    Enforcement of Order.  Plaintiff would and will forgo any
07    and all efforts made towards and related to enforcing order made
08    by the Court as per paragraph 19 of this complaint if conditions
09    ("Condition" and numbered and described in full herein) are met.
10
11    21.    Enforcement of Order(a). Definition of "herein" as per
12    paragraph 20 of this complaint is "herein this complaint".
13
14    22.    Condition 1.  Plaintiff is re-instated into Employ.
15
16    23.    Condition 2.  "Employ" as per paragraph 22 of this complaint
17    is defined as "employment as Floor Host, Larry Flynt's Hustler
18    Club San Francisco, with wages $12.00 per hour and with work
19    schedule Wednesday, Thursday, Friday, and Saturday of each week
20    11:00 a.m. until 7:00 p.m."
21
22    24.    Condition 3.  Defendant(s) pay plaintiff $300.00 for every
23    week between August 30, 2007 and the day Condition 1 (paragraph
24    22 of this complaint) is met, said $300.00 to be pro-rated and
25    said $300.00 reflective of the average wages paid to plaintiff
26    during plaintiff employment with Larry Flynt's Hustler Club.
27
28    Complaint - Kressy v. Larry Flynt's Hustler Club - Case No. tbd

26. Condition 4. Defendant(s) pay plaintiff overtime wages as per paragraph 9 of this complaint, and defendant pay plaintiff $332.68 as per paragraph(s) 11 and 12 of this complaint or defendant show good cause not to pay aforemention $332.68, and "good cause" is defined as "good cause by way of the Wisdom of the Court brought to bear upon such matters as may arise".

27. Condition 5. Condition 1 (paragraph 22 of this complaint) is met until and unless Employ is terminated by a person, persons, party or parties not the plaintiff and such termination of Employ is for good cause and "for good cause" is defined as "good cause" as per Condition 4 (paragraph 26 of this complaint).

25. Condition 6. Condition 1 is met when and if Employ is terminated by plaintiff by way of signed and witnessed by the Court documentation, and otherwise Condition 1 is not unmet so long as Condition 1 is met.

28. Condition 7. Condition 2 is not unmet so long as Condition 2 is met.

29. Condition 8. Condition 3 is not unmet so long as Condition 3 is met.

30. Condition 9. Condition 4 is not unmet so long as Condition 4 is met.

31. Condition 10. Condition 1 being unmet is an unmet condition that is sufficient grounds and likely cause and therefore intended by plaintiff by way of signature below for order made by the Court as per paragraph 19 of this complaint be such order sought after enforcement thereof.

32. Claims for Relief 1. Plaintiff implores upon the Court that plaintiff seeks a return to conditions prior to August 30, 2007, along with equity by way of compensation for weeks of work missed from termination, along with wages owed from overtime and witholding, and plaintiff considers not as good an alternative to said return and said equity those matters which may arise by way of litigation.

33. Claims for Relief 2. Plaintiff implores upon the Court to consider Prayer for Relief paragraph(s) 19 through 31 of this complaint citing "....(r)elief in the alternative or of several different types may be demanded." Fed,Rules Civ.Proc.Rule 8(a), 28 U.S.C.A.

34. Statutes 1. The "....(Fair Labor and Standards) Act deals with maximum hours and overtime compensation for employees...and...prescribes the maximum weekly hours of work permitted for the employment of such employees in any workweek without extra compensation for overtime, and at a general overtime rate of pay not less than one and one-half times the employee's regular rate...." 29 CFR sec. 778.110.

35. Statutes 2. "The "regular rate" under the Act is a rate per hour...." 29 CFR sec 778.109.

36. Statutes 3. "As a general standard...40 hours (is the maximum number that an employee...may work...in any workweek without receiving additional compensation at not less than the statutory rate for overtime...." 29 CFR sec. 778.101

39. Service 1. Plaintiff implores upon the Court "....summons and complaint...be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court...." against defendant Larry Flynt's Hustler Club 1031 Kearny San Francisco California.

40. Service 2. Plaintiff implores upon the Court "....summons and complaint...be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court...." against defendant BS Management 250 Columbus San Francisco California.

41. Service 3. Plaintiff implores upon the Court "....summons and complaint...be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court...." against defendant SAW Entertainment Ltd. - Hustler Seattle Washington.

42. Process and Service. "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff...who shall be responsible for prompt service of the summons and a copy of the complaint. Upon request of the plaintiff separate or additional summons shall issue against any defendants." Fed.Rules Civ.Proc.Rule 4(a) and "...(a) summons and complaint shall, at the request of the party seeking service...be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court for that purpose...on behalf of a party authorized to proceed in forma pauperis...." Fed,Rules Civ.Proc.Rule 4(c)(B)(i), 28 U.S.C.A..

43. Signature. Plaintiff signature appears below as "....signature of...(a) party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.Rules Civ.Proc.Rule 11, 28 U.S.C.A..

*[signature]* 9/20/2007

Complaint - Kressy v. Larry Flynt's Hustler Club - Case No. tbd



01  Peter E. Kressy

02  517 Broadway Number 21

03  San Francisco, CA 94133

04  (415) 845-6322

05  peterkressy@yahoo.com

06      Plaintiff

07

08              UNITED STATES DISTRICT COURT

09             NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11  Peter E. Kressy,                )

12                                  )

13      PLAINTIFF                   )

14          ,                       )   Case No. C 07 4892 EDL

15                                  )

16                                  )   Service by Mail

17                                  )

18  Larry Flynt's Hustler Club      )

19      San Francisco               )

20  BS Management                   )

21  Saw Entertainment Ltd. -        )

22      Hustler                     )

23                                  )

24      DEFENDANTS                  )

25  _____  )

26

27

28  Service by Mail - Kressy v. Larry Flynt's Hustler Club - C 07 4892 EDL

01       1. Service by Mail. "A...complaint may be served upon a defen-
02  dant of any class referred to in paragraph (1) or (3) of subdivi-
03  sion (d) of this rule--...(ii) by mailing a copy of the...com-
04  plaint (by first-class mail, postage prepaid) to the person to be
05  served, together with two copies of a notice and acknowledgement
06  conforming substantially to form 18-A and a return envelope,
07  postage prepaid, addressed to the sender.
08
09       2. Citation paragraph 1 of this Service by Mail. Paragraph 1
10  of this Service by Mail is amended hereby by closing quotation
11  marks and by citing Fed.Rules Civ.Proc. Rule 4 (c) (2) (C)
12
13       3. Form 18-A. Notice and Acknowledgment for Service by Mail.
14  United States District Court for the Northern District of
15  California Civil Action, Case No. C 07 4892 EDL, Kressy v.
16  Larry Flynt's Hustler Club et. al.; The enclosed complaint and
17  related documents are served pursuant to Rule 4(c)(2)(C)(ii) of
18  the Federal Rules of Civil Procedure.  You must complete this
19  form and return a copy to the sender within 20 days.  You must
20  sign and date this acknowledgment.  If you are served on behalf
21  of a corporation, unincorporated association (including a part-
22  nership), or other entity, you must indicate under your signa-
23  ture your relationship to that entity.  If you do not complete
24  and return the form to the sender within 20 days, you (or the
25  party on whose behalf you are being served) may be required to pay
26  any expenses incurred in serving a summons and complaint in any
27
28  Service by Mail - Kressy v. Larry Flynt's Hustler Club - C 07 4892 EDL

01  other manner permitted by law. If you do complete and return this form, you
02  (or the party on whose behalf you are being served) must answer
03  the complaint within 20 days. If you fail to do so, judgment
04  by default may be taken against you for the relief demanded in
05  the complaint. I declare, under penalty of perjury, that this
06  Notice and Acknowledgment for Service by Mail is being mailed on 10/16/2009
07
08
09      4. Certification. I, the undersigned, declare, under penalty
10  of perjury, that I received a copy of this Service by Mail as
11  per and of the above-captioned matter.
12
13
...
28  Service by Mail - Kressy v. Larry Flynt's Hustler Club - C 07 4892 EDL

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action. My business address is Long & Levit LLP, 465 California Street, Suite 500, San Francisco, California 94104.

On November 8, 2007, I served the document(s) named below on the following attorney(s) of record and/or interested parties in the case of *Kressy v. Larry Flynt's Hustler Club San Francisco, et al.*, United States District Court Northern District of California Case No. C-07-4892-EDI.

> **DEFENDANTS NOTICE OF, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS**

SERVED ON:

| Peter E. Kressy<br>517 Broadway, Number 21<br>San Francisco, CA 94133 | |
|---|---|

☒   (BY MAIL) I am readily familiar with Long & Levit LLP's practice for collection and processing of documents for mailing with the United States Postal Service. I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, to be deposited with the United States mail at San Francisco, California, that same day in the ordinary course of business.

☒   (BY ELECTRONIC FILING) I electronically filed the document(s) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the person(s) or attorney(s) of record at the listed email address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 8, 2007, at San Francisco, California.



J. Locker
LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

PROOF OF SERVICE