EDITH A. THOMAS (SBN 220820)
Attorney at Law
214 North Ridge Drive, Suite B
Fallbrook, CA 92028
Telephone: (888) 349-3940
Facsimile: (760) 728-9518
ediththomas1@aol.com

DOUGLAS J. MELTON  State Bar #161353
JOHN B. SULLIVAN  State Bar #238306
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA 94104
TEL: (415) 397-2222  FAX: (415) 397-6392
dmelton@longlevit.com / jsullivan@longlevit.com

Attorneys for SAW Entertainment, LTD
d/b/a Hustler Club-San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER E. KRESSY,<br><br>        Plaintiff,<br><br>   v.<br><br>LARRY FLYNT'S HUSTLER CLUB SAN FRANCISCO, BS MANAGEMENT, SAW ENTERTAINMENT LTD. – HUSTLER<br><br>        Defendants | Case No.: C-07-4892-EDL<br><br>**DECLARATION OF GREGORY RUFFIN IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>Date:            December 18, 2007<br>Time:           9:00 a.m.<br>Courtroom:  E, 15th Floor<br>Judge:         Hon. Elizabeth D. Laporte<br>                      (Magistrate Judge)<br><br>Trial:           None Set<br>Action Filed:  September 20, 2007 |

1

DECL. OF GREGORY RUFFIN IN SUPT. OF MOT. TO COMPEL ARBIT. CASE NO. C-07-4892-EDL

I, GREGORY RUFFIN, hereby declare:

1. During the time periods alleged in the Complaint, I was a day-shift Manager of Defendant SAW Entertainment, Ltd. d/b/a Hustler Club San Francisco ("Hustler"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would competently testify thereto.

2. I am familiar with the Plaintiff Peter Kressy. He was hired by Hustler in the spring of 2007 to work on the day shift and I was one of his direct supervisors. At the time of his hire, Mr. Kressy was provided with a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement").

3. Attached as Exhibit A is a true and correct copy said Arbitration Agreement, which Mr. Kressy signed on May 3, 2007. I review these Agreements for employees who work on day shifts and I reviewed the agreement signed by Mr. Kressy shortly after he had signed it; it was then forwarded to Mr. Kressy's personnel file.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge and that if called upon to do so I could and would competently testify to the facts stated herein, and that I executed this Declaration on November 7, 2007, at SF, California.

GREGORY RUFFIN

Case No.: C-07-4892-EDL

DECLARATION OF TROY FULLERTON IN SUPPORT OF MOTION TO COMPEL ARBITRATION

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS
## AND WAIVE CLASS ACTIONS

This Mutual Agreement to Arbitrate Claims (Agreement) is entered into by and between The Company (Employer) and the Employee, effective on the date signed below.

**1. Claims Covered by This Agreement.** Employee and Employer mutually agree to the resolution by arbitration of all claims or controversies arising out of Employee's employment or termination (collectively, the "Claims") that either party may have against the other, including Employer's parent, subsidiaries, or affiliates or any of their officers, directors, shareholders, representatives, attorneys, agents, or assigns in their capacity as such or otherwise. The Claims covered include, without limitation, claims arising out of contract, tort, or common law, wrongful discharge law, privacy rights, statutory or constitutional protections, wage and hour law, claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, or any other dispute between the parties. The parties understand that, by this Agreement, they are waiving their rights to have a Claim adjudicated by a court or jury.

**2. Claims Not Covered by This Agreement.** Claims Employee may have for workers' compensation, state unemployment compensation benefits, and state disability insurance are not covered by this Agreement. The parties acknowledge that there may be situations (i.e., disclosure of employer's confidential or proprietary information) in which a party's claims may cause irreparable harm if those claims were subject to this Agreement. Accordingly, the parties agree that either is entitled to seek and obtain temporary injunctive relief (and subsequent preliminary and permanent injunctive relief) from a court of competent jurisdiction under applicable law, and this Agreement will not apply to bar such right or relief.

**3. Waiver of Class Action.** The Employee agrees to bring any claim in his or her individual capacity, and not as a class action, which means that employee agrees not to consolidate his or her claims with those of any other employee.

**4. Arbitration.** Except as otherwise provided above, arbitration shall be in accordance with the National Rules for Resolution of Employment Disputes of the American Arbitration Association (AAA Rules) before a neutral arbitrator who is selected by agreement of the parties or AAA Rules. The arbitration shall take place in the county where the claim arose, or a location agreed upon by the parties. The arbitrator shall apply the substantive law of California, or federal law, or both, as applicable to the Claim(s) asserted. The parties agree that the arbitrator will determine the scope and extent of discovery, and that it may be more limited than that provided for in the California Code of Civil Procedure. Each party shall be entitled to all types of remedies and relief otherwise available in court.

The arbitrator shall not consolidate claims of different employees into one proceeding, nor shall the arbitrator have the power to hear arbitration as a class action. The arbitrator shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this Agreement, including, without limitation, any Claim that all or any part of this Agreement is void. The arbitrator's decision shall be a reasoned decision in writing, revealing the essential findings and conclusions forming the basis of the award, and shall be final and binding on the parties.

**5. Costs and Fees** If Employee alleges a violation of an employment statute, to the extent required, the Employer will advance the costs of arbitration that would not be incurred by the employee if the dispute were litigated in court, including the fees of the arbitrator and any arbitration association administrative fees. Except as set forth above, each party shall pay for its own costs, and attorney fees, if any. However, if any party prevails in a statutory Claim that affords the prevailing party attorney fees, the arbitrator may award reasonable attorney fees to the prevailing party in addition to any and all other remedies afforded by the relevant statute.

Arbitration as described above will be the exclusive forum for any Claims. Should the parties attempt to resolve a Claim by any method other than arbitration, the prevailing party in any civil court motion to compel arbitration will be entitled to recover from the other party all costs and attorney fees incurred as a result of that motion to compel.

**6. Severability.** Any unenforceable portion of this Agreement shall be severable from this agreement as a whole.

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND THEY UNDERSTAND ITS TERMS. IN PARTICULAR, THE PARTIES UNDERSTAND THAT BY SIGNING THIS AGREEMENT THEY ARE WAIVING THEIR RIGHTS TO HAVE A CLAIM ADJUDICATED BY A COURT OR JURY.

Date: 7/3/09

_____
Employee Signature

_____
Peter Kinssy
Employee Name

Date: 5/4/07

_____
Manager Signature

_____
Troy Fullerton
Manager Name

SAW Entertainment, Ltd.
1031 Kearny Street, San Francisco, CA 94133

2006/est

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action. My business address is Long & Levit LLP, 465 California Street, Suite 500, San Francisco, California 94104.

On November 8, 2007, I served the document(s) named below on the following attorney(s) of record and/or interested parties in the case of *Kressy v. Larry Flynt's Hustler Club San Francisco, et al.*, United States District Court Northern District of California Case No. C-07-4892-EDL.

> **DECLARATION OF GREGORY RUFFIN IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

SERVED ON:

| Peter E. Kressy<br>517 Broadway, Number 21<br>San Francisco, CA 94133 | |
|---|---|

☒ (BY MAIL) I am readily familiar with Long & Levit LLP's practice for collection and processing of documents for mailing with the United States Postal Service. I caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, to be deposited with the United States mail at San Francisco, California, that same day in the ordinary course of business.

☒ (BY ELECTRONIC FILING) I electronically filed the document(s) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the person(s) or attorney(s) of record at the listed email address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 8, 2007, at San Francisco, California.



J. Locker

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222