IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER E. KRESSY,<br><br>        Plaintiff,<br><br>   v.<br><br>LARRY FLYNT'S HUSTLER CLUB<br>SAN FRANCISCO, et al.,<br><br>        Defendants. | No. C-07-04892 EDL<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAYING CASE** |

Defendants' Motion to Stay Action and Compel Arbitration came on for hearing before the Court on December 18, 2007. Having read all the papers submitted, including Defendants' supplemental papers, and carefully considered the relevant legal authority, Defendants' motion is hereby GRANTED for the following reasons and for the reasons stated at the hearing.

Plaintiff Peter Kressy ("Plaintiff") brings various wage and hour claims under the Fair Labor Standards Act ("FLSA") against his former employer, Hustler Club San Francisco, Saw Entertainment Ltd. d/b/a Hustler Club (together, "Hustler"), and BS Management ("BSM") (collectively, "Defendants"). In his prayer for relief, Plaintiff seeks overtime wages, fees, damages, liquidated damages, future wages, and wages withheld. Complaint ¶¶ 17-19. He does not seek injunctive relief, but notes that he would forego the relief requested in his suit if re-instated. Id. ¶ 22.

Defendants have made a demand for arbitration, Plaintiff has refused that demand, and now Defendants seek an order compelling submission of Plaintiff's claims to binding arbitration and staying the instant proceeding.

On May 3, 2007, Plaintiff and Hustler signed a "Mutual Agreement to Arbitrate Claims and

Waive Class Actions" (hereinafter "Arbitration Agreement"). That agreement states:

> 1. Claims covered by this agreement. Employee and Employer mutually agree to the resolution by arbitration of all claims or controversies arising out of Employee's employment or termination (collectively, the "Claims") that either party may have against the other, including Employer's parent, subsidiaries, or affiliates or any of their officers, directors, shareholders, representatives, attorneys, agents, or assigns in their capacity as such or otherwise. The Claims covered include without limitation, claims arising out of contract, tort, or common law, wrongful discharge law, privacy rights, statutory or constitutional protections, wage and hour law, claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance, or any other dispute between the parties. The parties understand that, by this Agreement, they are waiving their rights to have a Claim adjudicated by a court or jury.
>
> 2. Claims Not Covered by This Agreement. Claims Employee may have workers' compensation, state unemployment compensation benefits, and state disability insurance are not covered by this Agreement . . . .
>
> 4. Arbitration. Except as otherwise provided above, arbitration shall be in accordance with the National Rules for Resolution of Employment Disputes of the American Arbitration Association (AAA Rules) before a neutral arbitrator who is selected by agreement of the parties or AAA Rules. . . .

Ruffin Decl., Ex. A (Arbitration Agreement).

By the plain terms of the agreement, the Arbitration Agreement extends to Plaintiff's claims, because it extends to claims arising out of employee's employment, including wage and hour claims. The agreement also applies to all Defendants, as Plaintiff alleges a general agency relationship between Defendants. See Complaint.

In addition, the Federal Arbitration Act, 9 U.S.C. § 2, ("FAA") applies to the agreement. The FAA's coverage provision, § 2, states that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Congress intended to exercise its commerce power "to the full" in enacting this provision. Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 277 (1995). Here, the Hustler Club routinely has out-of-state customers, contracts with out-of-state entertainers and businesses, including payroll services, purchases supplies

2

1  from out-of-state businesses, advertises out-of-state, and operates under a registered tradename
2  licensed to nightclubs through out the United States.  Carouba Decl. ¶¶ 2-10.  The FAA, therefore,
3  compels arbitration.  Because the FAA provides for stays of proceedings in federal district courts
4  when an issue in the proceeding is referable to arbitration, a stay is proper.  <u>EEOC v. Waffle House,</u>
5  <u>Inc.</u>, 534 U.S. 279, 289 (2002).

6        Even if the FAA did not apply, however, California law also supports compelling arbitration.
7  Arbitration shall be ordered if an agreement to arbitrate exists, unless the right to arbitrate has been
8  waived or the agreement is otherwise non-enforceable.  CCP § 1281.2(a) and(b); <u>see also</u> CCP §
9  1281.4.[1]  In addition, the requirements for the lawful arbitration of such rights pursuant to a
10  mandatory employment arbitration agreement are met here, as the agreement provides for a neutral
11  arbitrator; the agreement does not prohibit discovery, a written decision, or assessment of costs and
12  fees (which are therefore implied terms); and the agreement is governed by the National Rules of the
13  American Arbitration Association, which rules permit the award of any relief available in a judicial
14  proceeding.  <u>See Armendariz v. Found. Health Psychcare Servs</u>., 24 Cal. 4th 83, 102, 113 (2000).  In
15  addition, Defendants obligated itself by its statements and in open Court to pay the costs of
16  arbitration.

17        Accordingly, Defendants' Motion is GRANTED and this case is STAYED pending
18  arbitration of the claimed raised in the complaint.  It is FURTHER ORDERED that the parties shall
19  submit a joint status statement updating the Court on the status of the arbitration no later than **April**
20  **30, 2008.**

21        **IT IS SO ORDERED.**
22  Dated: January 11, 2008

                                       *Elizabeth D. Laporte*
23                                     ELIZABETH D. LAPORTE
                                   United States Magistrate Judge

---

28    [1]    California Labor Code § 229 does not appear applicable as Plaintiff appears to seek relief under federal wage laws.

**United States District Court**
For the Northern District of California